**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES A. WILLIAMS, | § § § § § | |
| *Plaintiffs* | § § | Civil Action No. _____ |
| v. | § § | |
| NEXION HEALTH AT DUNCANVILLE, INC., | § § § | |
| *Defendant* | § § | |

## APPENDIX TO NOTICE OF REMOVAL

| EXHIBIT | DOCUMENTS | DATE FILED |
|---------|-----------|------------|
| A-1 | Plaintiffs' Original Answer | May 5, 2016 |
| A-2 | Civil Case Information Sheet | May 6, 2016 |
| A-3 | Demand for Jury | May 6, 2016 |
| A-4 | Citation to Nexion Health at Duncanville, Inc. | May 13, 2016 |
| A-5 | Return of Service on Nexion Health at Duncanville, Inc. | May 17, 2016 |
| A-6 | Health at Duncanville, Inc.'s Original Answer | June 6, 2016 |
| A-7 | A copy of the Docket Sheet in the State Court Action | |

Exhibit A

FILED
DALLAS COUNTY
5/6/2016 3:34:34 PM
FELICIA PITRE
DISTRICT CLERK

1 CT-E-SERVE

DC-16-05499

Freeney Anita

CAUSE NO. _____

| | | |
|---|---|---|
| KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs, | §<br>§ | _____ JUDICIAL DISTRICT |
| v. | §<br>§ | |
| NEXION HEALTH AT DUNCANVILLE, INC., | §<br>§<br>§<br>§ | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF

THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS

(collectively, "Plaintiffs") and bring this action against Defendant NEXION HEALTH AT

DUNCANVILLE, INC. seeking actual damages for medical negligence that resulted in severe

injuries and the untimely death of Plaintiffs' mother, Cheryl A. Williams.

### I. SUMMARY OF CASE

This is a case about the inexcusable neglect of Plaintiffs' mother, Cheryl A. Williams,

who was a resident receiving medical care in the Duncanville Healthcare and Rehabilitation

Center skilled nursing facility. While Ms. Williams was a resident at the facility, the nursing and

medical staff provided minimal monitoring of her and failed to adequately report changes in her

medical condition, which resulted in Ms. Williams developing a Stage IV pressure ulcer on her

lower back and other pressure ulcers on various parts of her body. Even though the nursing and

medical staff knew about her progressing pressures ulcer for months, they failed to provide

proper interventions or treatment. As a result, by October 2015 Ms. Williams' condition

worsened and became life-threatening. Her wounds became infected and she developed

Exhibit A-1

osteomyelitis, which is a life-threatening infection of the bone. Even though Ms. Williams was transferred to Baylor University Medical Center for acute care of her wounds, she was never able to recover from her injuries. Ms. Williams died on October 19, 2015, and her death certificate lists her Stage IV pressure ulcer as one of the contributing causes of her death.

## II. DISCOVERY CONTROL PLAN DESIGNATION

1.    Plaintiffs intend that a Level 3 Discovery Control Plan govern this action in accordance with Texas Rule of Civil Procedure 190.4.

## III. PARTIES

2.    Plaintiff Ktori Williams is an individual who resides in Texas. In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, the last three digits of Plaintiff's driver's license number are 633 and the last three digits of Plaintiff's social security number are 566. Plaintiff is a surviving daughter of Cheryl A. Williams, Decedent, and brings this lawsuit individually, as a wrongful-death action, and as a survival action as the representative of the Estate of Decedent

3.    Plaintiff Charles Williams is an individual who resides in Texas. In accordance with Section 30.014 of the Texas Civil Practice & Remedies Code, Plaintiff does not currently maintain a Texas driver's license. The last three digits of Plaintiff's social security number are 889. Plaintiff is a surviving son of Cheryl A. Williams, Decedent, and brings this lawsuit individually, as a wrongful-death action.

4.    Decedent would have been entitled to bring a suit for damages had she lived.

5.    Defendant Nexion Health at Duncanville, Inc. is a Delaware corporation with its principal place of business in Texas located at 419 South Cockrell Hill Road, Duncanville, Texas 75116. During the relevant period of time, Defendant operated, managed, and/or controlled the Duncanville Healthcare and Rehabilitation Center skilled nursing facility, located at 419 South

Cockrell Hill Road, Duncanville, Texas 75116 ("Duncanville Rehabilitation"). This Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV. JURISDICTION AND VENUE

6. Subject-matter jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional threshold of this Court.

7. The Court has personal jurisdiction over Defendant because the acts complained of were committed by Defendant in Dallas County, Texas and arise from Defendant's business in Texas.

8. Venue is proper in Dallas County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE §15.002(a) because all or a substantial part of the acts or omissions giving rise to the claims in this lawsuit occurred in Dallas County, Texas.

## V. FACTS APPLICABLE TO ALL COUNTS

9. On May 28, 2015, Cheryl Williams was first admitted into Duncanville Rehabilitation for continuing physical therapy and long term care. Prior to her admission, Ms. Williams lived at home. However, due to her progressing renal disease and Chronic Obstructive Pulmonary Disease (COPD), her physicians determined that she needed to live in a skilled nursing environment.

10. At the time of her admission, Ms. Williams was overweight and required total assistance to transfer between her bed and wheelchair. However, she was able to ambulate with assistance. When she was admitted into the facility, Ms. Williams was evaluated by the nursing staff and areas of skin breakdown over various parts of her body were noted, including her coccyx and right calf. However, the nursing staff who evaluated her wounds determined that they were healing. Due to her medical condition, obesity, and her inability to move freely, Ms.

Williams was at a very high risk for developing new pressure ulcers and also at a very high risk of having her existing areas of skin breakdown worsen and become infected.

11.     Unfortunately, even though the medical and nursing staff at Duncanville Rehabilitation knew of Ms. Williams' existing areas of skin breakdown and increased risk of developing new pressure ulcers and infections, she was not closely monitored or evaluated for skin breakdown, and the necessary measures were not put into place to prevent the development of pressure ulcers or promote the continued healing of her existing areas of skin breakdown. As a result, Ms. Williams' pressure ulcers began to worsen, she developed new pressure ulcers, and her pressure ulcers became infected.

12.     Even though the medical and nursing staff at Duncanville Rehabilitation knew of her infections and progressing pressure ulcers by September 2015, the facility still failed to implement the necessary additional measures to ensure that Ms. Williams remained infection free and failed to implement the necessary treatment of her pressure ulcers.

13.     As a result, by October 2015, Ms. Williams' health had reached a critical level. The pressure ulcer on her sacrum had developed into a severe Stage IV wound, it had become infected, and she had developed sepsis, which is a life-threatening infection of the blood.

14.     On October 5, 2015 Ms. Williams was transported to Baylor University Medical Center at Dallas in critical condition. At the hospital, she was evaluated and diagnosed with osteomyelitis, which is a life-threatening infection of the bone.

15.     Upon her admission into Baylor University Medical Center, Ms. Williams' condition was deplorable. The nursing and medical staff found that her wound dressings had not been changed for days, and she had visible feces in her wounds and on her body. In addition, the medical staff were so shocked by her condition, that one of the medical team considered reporting Duncanville Rehabilitation to the Adult Protective Services for abuse and neglect of

Ms. Williams.

16.     Even though Ms. Williams received acute care for her pressure ulcers and other medical complications, she was never able to recover from the injuries that she sustained while a resident at Duncanville Rehabilitation. Ms. Williams died on October 19, 2015 of non-convulsive status epilepticus. Ms. Williams' preliminary cause of death was determined to be from sepsis and osteomyelitis from her sacral decubitus pressure ulcer.

## VI. CAUSES OF ACTION

**COUNT ONE: MEDICAL NEGLIGENCE.**

17.     Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

18.     During the relevant period of time, Nexion Health at Duncanville, Inc. operated, managed, and/or controlled the Duncanville Healthcare and Rehabilitation Center medical facility and is a health-care provider licensed by the State of Texas to provide health care. Defendant provided health care to Decedent, and at all times relevant there existed a physician-patient relationship between Defendant and Decedent. As such, Defendant is considered health-care institution under the Texas Civil Practice & Remedies Code.

19.     Defendant owed Decedent a legal duty of care to act as a reasonably prudent health-care provider would act under the same or similar circumstances, including but not limited to exercising that degree of care required by Decedent's known physical and mental condition.

20.     Through Defendant's agents, employees and representatives, Defendant breached the applicable standard of care while providing medical care and treatment to Decedent by engaging in numerous improper acts and omissions including but not limited to the following:

    a.     Failing to properly monitor, evaluate, and re-evaluate Decedent's known physical condition;

    b.     Failing to properly and timely observe, assess, evaluate, and/or treat Decedent,

including but not limited to failing to properly treat Decedent's pressure ulcers, failing to ensure that Decedent was properly hydrated and provided sufficient nutrition and food intake, failing to ensure that Decedent's injuries did not become infected, and failing to timely and properly treat Decedent's infections;

c.   Failing to create, implement, and monitor an appropriate care plan that took into consideration Decedent's known physical condition and needs;

d.   Failing to properly train, monitor, supervise, and oversee its employees, agents, and staff to ensure that pressure ulcer prevention and treatment measures were put into place, that measures to ensure proper nutrition and hydration was provided to Decedent, and that measures to evaluate, recognize, and treat Decedent's infections were put into place;

e.   Failing to formulate and institute proper policies and procedures for the care and treatment of patients such as Decedent with known medical conditions, and failing to properly train its employees and agents on such proper policies and procedures;

f.   Failing to exercise reasonable care in the selection and maintenance of its medical and nursing staff;

g.   Failing to properly supervise its employees, agents, and staff; and

h.   Failing to ensure that appropriate levels of staffing and training of staff were provided for the care and treatment of patients, including Decedent, and that sufficient funds were budgeted and expended on staff, training or staff, medical supplies, and medical care and treatment for Decedent.

21.   As outlined above, Defendant failed to meet the applicable standards of care that

Defendant owed to Decedent, and this failure was a proximate cause of severe damages suffered

by Plaintiff and Decedent.

COUNT TWO: VICARIOUS LIABILITY.

22.   Plaintiffs hereby incorporate and reallege the matters set forth in the preceding

paragraphs as if set forth at length.

23.   Defendant employed, trained, supervised, and/or monitored various medical and

nursing staff that provided medical care and treatment to Decedent while she was a resident at

the Duncanville Healthcare and Rehabilitation Center medical facility.

24.   Defendant is responsible for the acts and/or omissions of its respective agents,

ostensible agents, servants, employees, contractors, and representatives during the care and treatment of Decedent under various theories of vicarious liability, including but not limited to the doctrines of actual authority, apparent authority, *respondeat superior*, and ratification.

25. ***Respondeat Superior*** - At all relevant times, Defendant's agents, employees, and representatives that rendered care and treatment to Decedent were acting within the course and scope of their employment and/or agency with Defendant, in furtherance of Defendant's business, and for the accomplishment of the object for which they were hired and/or employed. Decedent was injured as the result of medical negligence committed by Defendant's respective agents, employees, and representatives that rendered care and treatment to Decedent.

26. ***Actual Authority*** - At all relevant times, Defendant intentionally conferred authority on its agents, intentionally allowed its agents to believe that they had the proper authority, or, through the lack of due care, allowed its agents to believe that they had the proper authority, to act on Defendant's behalf in the care and treatment of Decedent. Decedent was injured as the result of medical negligence committed by Defendant's respective agents, employees, and representatives while acting within the scope of their agency with Defendant.

27. ***Apparent Authority*** – At all relevant times, Defendant affirmatively held out its respective agents, employees, and representatives that rendered care and treatment to Decedent as having authority to act on its behalf, knowingly permitted its respective agents, employees, and representatives to hold themselves out as having property authority, or acted with such a lack of ordinary care as to clothe its agents, employees, and representatives with the indicia of authority. Defendant's conduct caused Decedent to believe that Defendant's agents, employees, and representatives had the authority to act on Defendant's behalf, and Decedent justifiably relied upon Defendant's agents, employees, and representatives' authority.

28. ***Ratification*** – Defendant is also vicariously liable for the acts and/or omissions of

its respective agents, employees, and representatives acting outside the scope of their authority because Decedent was injured by Defendant's agents or non-agents who provided medical care and treatment to Decedent, Defendant's agents and/or non-agents engaged in improper acts and/or omissions on behalf of Defendant, Defendant approved these acts and omissions by word, act, or conduct after acquiring full knowledge of the alleged acts and/or omissions, and Defendant gave approval with the intention of giving validity to the acts and/or omissions of its agents, employees, and representatives..

## VII. DAMAGES

29.     Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

30.     Defendant's breach of duty proximately caused injuries to Plaintiffs and Decedent, which resulted in the following damages to Plaintiffs and the Estate of Decedent:

**Wrongful-Death Action Damages**

a.      Mental anguish in the past and future;
b.      Loss of companionship and society in the past and future;
c.      Pecuniary losses;
d.      Loss of household services in the past and future;
e.      Loss of companionship and society;
f.      Loss of inheritance; and
g.      Funeral expense reimbursement.

**Survival Action Damages**

a.      Pain and suffering of Decedent;
b.      Mental anguish of Decedent;
c.      Physical impairment of Decedent;
d.      Past medical expenses incurred for Decedent's treatment; and
e.      Funeral expenses incurred by Decedent's estate.

## VIII. EXEMPLARY DAMAGES

31.     Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

32.     As outlined above, Defendant's acts and omissions constitute conscious disregard for the safety and welfare of patients, including Decedent. With actual notice of Decedent's physical condition and medical needs, Defendant failed to exercise even the basic level of proper care, failed to ensure that adequate and properly trained staff treated and monitored Decedent, and failed to ensure that sufficient funds were allocated and expended on staffing and care of patients such as Decedent. In short, Defendant placed profits over patients. Defendant's conscious disregard for patients and its decision to place profits over its patients resulted in severe injuries to Decedent.

33.     Because Defendant's actions were fraudulent, malicious, and/or grossly negligent, Plaintiffs request that exemplary damages be awarded against Defendant in a sum within the jurisdictional limits of the Court.

## IX. DEMAND FOR JURY TRIAL

34.     Plaintiffs demands a trial by jury and tender the appropriate fee with this petition.

## X. REQUEST FOR RULE 194 DISCLOSURES

35.     Plaintiffs request that Defendant disclose to Plaintiffs, within fifty (50) days of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Defendant may comply with this request by mailing copies of the documents and information required by Rule 194.2 to Patrick Powers, lead counsel, at Powers Taylor, LLP, 8150 N. Central Expressway, Suite 1575, Dallas, Texas 75206. In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby inform Defendant of Plaintiffs' intent to use any and all documents produced by Defendant in discovery in this matter at any pre-trial proceeding and/or trial.

## XI. CONDITIONS PRECEDENT

36.     Plaintiffs have fully performed all conditions precedent to this action, including

but not limited to providing Defendant with written notice of Plaintiffs' claims.

## XII. REQUEST FOR RELIEF AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS respectfully request and pray that Defendant NEXION HEALTH AT DUNCANVILLE, INC. be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendant for the following:

a. An award of Plaintiffs' actual and special personal injury and economic damages within the jurisdictional limits of the Court, including but not limited to the compensatory and consequential damages pleaded herein;

b. Costs of Court;

c. Pre-judgment and post-judgment interest at the highest rate(s) allowed by law;

d. Statutory damages allowed by law, within the jurisdictional limits of the Court;

e. Exemplary damages, within the jurisdictional limits of the Court;

f. Mental anguish damages; and

g. Such other and further relief, at law or in equity, to which Plaintiffs may be entitled and which this Court deems just and fair.

Respectfully submitted,

By: */s/ Patrick W. Powers*
Patrick W. Powers
State Bar No. 24013351
patrick@powerstaylor.com
Ernest C. Tosh
State Bar No. 20146100
ernest@powerstaylor.com

POWERS TAYLOR LLP
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206
214-239-8900 – Office
214-239-8901 – Fax

## ATTORNEYS FOR PLAINTIFFS

**CT Corporation**

**Service of Process Transmittal**
05/16/2016
CT Log Number 529171504

**TO:** Marguerite Jenkins
Nexion Health, Inc.
6937 Warfield Ave
Sykesville, MD 21784-7454

**RE:** **Process Served in Texas**

**FOR:** Nexion Health At Duncanville, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED and CHARLES WILLIAMS, Pltfs. vs. Nexion Health At Duncanville, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 95th District Court: Dallas County, TX<br>Case # DC1605499 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - On May 28, 2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/16/2016 at 15:50 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10 o'clock a.m. of the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | .Patrick W. Powers<br>POWERS TAYLOR L.L.P.<br>8150 North Central Expressway<br>Suite 1575<br>Dallas, TX 75206<br>214-239-8900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783092088542 |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Page 1 of  1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

NEXION HEALTH AT DUNCANVILLE, INC.
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas. Texas 75202.

Said Plaintiff being **KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS**

Filed in said Court **6th day of May, 2016** against

**NEXION HEALTH AT DUNCANVILLE, INC.**

For Suit, said suit being numbered **DC-16-05499**, the nature of which demand is as follows:
Suit on **MEDICAL MALPRACTICE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By /s/ Shelia Bradley                    , Deputy
SHELIA BRADLEY

---

**ESERVE**

# CITATION

## DC-16-05499

**KTORI WILLIAMS et al**
**vs.**
**NEXION HEALTH AT DUNCANVILLE, INC.**

ISSUED THIS
**13th day of May, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SHELIA BRADLEY, Deputy

**Attorney for Plaintiff**
PATRICK W POWERS
patrick@powerstaylor.com
8150 N CENTRAL EXPWYSTE 1575
DALLAS        TX 75206
214-239-8900

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-05499

Court No.95th District Court

Style: KTORI WILLIAMS et al

vs.

NEXION HEALTH AT DUNCANVILLE, INC.

Came to hand on the _____day of_____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# CIVIL CASE INFORMATION SHEET

Case 3:16-cv-01503-M  Document 1  Filed 06/06/16  Page 15 of 25  PageID 18

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **Court** *(FOR CLERK USE ONLY)*: _____

**STYLED** _____ WILLIAMS, ET AL. v. NEXION HEALTH AT DUNCANVILLE, INC. _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Patrick Powers<br><br>**Email:** patrick@powerstaylor.com | **Plaintiff(s)/Petitioner(s):** Ktori Williams<br>Charles Williams | ☐ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: ____ paralegal |
| **Address:** 8150 N. Central Expwy, Ste 1575<br><br>**Telephone:** 214.239.8900 | **Defendant(s)/Respondent(s):** Nexion Health at Duncanville, Inc. | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, Texas 75206<br><br>**Fax:** 214.239.8901 | [Attach additional page as necessary to list all parties] | **Custodial Parent:** |
| **Signature:** /s/ Patrick W. Powers<br><br>**State Bar No:** ___24013351 | | **Non-Custodial Parent:**<br><br>**Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>X Medical<br>☐ Other Professional<br>Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
X  Over $1,000,000

Exhibit A-2



FILED
DALLAS COUNTY
5/6/2016 3:34:34 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE

CHIEF DEPUTY

## CAUSE NO. DC-16-05499

KTORI WILLIAMSet al

vs.

NEXION HEALTH AT DUNCANVILLE, INC.

95th District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: KTORI WILLIAMS

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

Exhibit A-3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**NEXION HEALTH AT DUNCANVILLE, INC.**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS**

Filed in said Court **6th day of May, 2016** against

**NEXION HEALTH AT DUNCANVILLE, INC.**

For Suit, said suit being numbered **DC-16-05499,** the nature of which demand is as follows:
Suit on **MEDICAL MALPRACTICE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By /s/ Shelia Bradley , Deputy
SHELIA BRADLEY

| Exhibit A-4 |

---

**ESERVE**

# CITATION

## DC-16-05499

**KTORI WILLIAMS et al**
**vs.**
**NEXION HEALTH AT DUNCANVILLE, INC.**

ISSUED THIS
**13th day of May, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SHELIA BRADLEY, Deputy

**Attorney for Plaintiff**
PATRICK W POWERS
patrick@powerstaylor.com
8150 N CENTRAL EXPWYSTE 1575
DALLAS        TX 75206
214-239-8900

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-16-05499

Court No.95th District Court

Style: KTORI WILLIAMS et al

vs.

NEXION HEALTH AT DUNCANVILLE, INC.

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

CAUSE NO. <u>DC-16-05499</u>

| | | |
|---|---|---|
| KTORI WILLIAMS, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| ON BEHALF OF THE ESTATE OF | § | |
| CHERYL A. WILLIAMS, DECEASED, and | § | |
| CHARLES WILLIAMS | § | |
| Plaintiff(s), | § | 95TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| NEXION HEALTH AT DUNCANVILLE, | § | |
| INC. | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Monday, May 16, 2016 at 3:00 PM**,
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at 3:55 PM, on **Monday, May 16, 2016**,
by individually and personally delivering to the within named:

### NEXION HEALTH AT DUNCANVILLE, INC.

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Agent, BEATRICE CASAREZ**
a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Danny L. Haney** who after being duly sworn on oath states: "My name is **Danny L. Haney**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

**Danny L. Haney**

Of: **Dallas County**

By: _____
Authorized Person - SCH566 - Exp 03/31/17

**Subscribed and Sworn to by Danny L. Haney, Before Me,** the undersigned authority, on this
<u>17th</u> day of May, 2016.



**Notary Public in and for the State of Texas**

CHARITY N COLEMAN
Notary Public
STATE OF TEXAS
ID#125238312
My Comm. Exp. March 21, 2017

Exhibit A-5



**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

FILED
2016 MAY 18 PM 12: 27

To:

**NEXION HEALTH AT DUNCANVILLE, INC.**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition. a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101. Dallas, Texas 75202.

Said Plaintiff being **KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES WILLIAMS**

Filed in said Court **6th day of May, 2016** against

**NEXION HEALTH AT DUNCANVILLE, INC.**

For Suit. said suit being numbered **DC-16-05499,** the nature of which demand is as follows:
Suit on **MEDICAL MALPRACTICE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE. Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Shelia Bradley                          , Deputy
    SHELIA BRADLEY

| | |
|---|---|
| **ESERVE** | |
| **CITATION** | |
| **DC-16-05499** | |
| **KTORI WILLIAMS et al**<br>**vs.**<br>**NEXION HEALTH AT**<br>**DUNCANVILLE, INC.** | |
| ISSUED THIS<br>**13th day of May, 2016** | |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas | |
| By: SHELIA BRADLEY, Deputy | |
| **Attorney for Plaintiff**<br>PATRICK W POWERS<br>patrick@powerstaylor.com<br>8150 N CENTRAL EXPWYSTE 1575<br>DALLAS        TX 75206<br>214-239-8900 | |

DALLAS COUNTY
SERVICE FEES
NOT PAID

## OFFICER'S RETURN

Case No. :  DC-16-05499

Court No.95th District Court

Style: KTORI WILLIAMS et al

vs.

NEXION HEALTH AT DUNCANVILLE, INC.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____





FILED
DALLAS COUNTY
6/6/2016 9:58:38 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01503-M   Document 1-1   Filed 06/06/16   Page 22 of 25   PageID 25

## CAUSE NO. DC-16-05499

| | | |
|---|---|---|
| KTORI WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHERYL A. WILLIAMS, DECEASED, and CHARLES A. WILLIAMS, | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| v. | § § | 95TH JUDICIAL DISTRICT |
| NEXION HEALTH AT DUNCANVILLE, INC., | § § § | |
| *Defendant* | § § | DALLAS COUNTY, TEXAS |

### <u>Nexion Health at Duncanville, Inc.'s Original Answer</u>

Defendant Nexion Health at Duncanville, Inc. ("Nexion") files this Original Answer to Plaintiff's Original Petition and answers as follows:

### ANSWER

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure Nexion generally denies all allegations in Plaintiff's Original Petition and respectfully requests that Plaintiff be required to prove all damages and allegations by a preponderance of the evidence.

### REQUEST FOR RELIEF

WHEREFORE, Nexion Health at Duncanville, Inc. requests that Plaintiff take nothing by its action, and that Nexion recover its costs and such other and further relief to which it may show itself justly entitled.

Exhibit A-6

Respectfully submitted,

**MACDONALD DEVIN, P.C.**

By:     /s/     Gregory N. Ziegler
**Gregory N. Ziegler**
Texas Bar No. 00791985
GZiegler@macdonalddevin.com
**Dean J. Siotos**
Texas Bar No. 00793018
DSiotos@macdonalddevin.com
**Weston M. Davis**
Texas Bar No. 24065126
WDavis@macdonalddevin.com

3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.744.3300 (Telephone)
214.747.0942 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure via electronic mail on this the 6th day of June 2016.

   /s/ Gregory N. Ziegler
Gregory N. Ziegler

## DC-16-05499 - KTORI WILLIAMSet al vs. NEXION HEALTH AT DUNCANVILLE, INC.

Case Number: DC-16-05499
File Date: 05/06/2016
Case Status: OPEN

Court: 95th District Court
Case Type: MEDICAL MALPRACTICE

PLAINTIFF : WILLIAMS, KTORI

Active Attorneys
Lead Attorney:
**POWERS, PATRICK W**
Retained
Work Phone: 214-239-8900
Fax Phone: 214-239-8901

PLAINTIFF : WILLIAMS, CHARLES

Active Attorneys
Lead Attorney:
**POWERS, PATRICK W**
Retained
Work Phone: 214-239-8900
Fax Phone: 214-239-8901

DEFENDANT : NEXION HEALTH AT DUNCANVILLE, INC.
Address:
  BY SERVING ITS REGISTERED AGENT CT
  CORPORATION SYSTEM
  1999 BRYAN STREET SUITE 900
  DALLAS TX 75201

Active Attorneys
Lead Attorney:
**ZIEGLER, GREGORY N**
Retained
Work Phone: 214-744-3300
Fax Phone: 214-747-0942

05/06/2016 NEW CASE FILED (OCA) - CIVIL
05/06/2016 ORIGINAL PETITION
    2016.05.06 Plaintiffs' Original Petition.pdf
    Comment: PLAINTIFFS' ORIGINAL PETITION
05/06/2016 CASE FILING COVER SHEET
    Civil Cover Sheet.pdf
    Comment: CIVIL COVER SHEET
05/06/2016 ISSUE CITATION
05/06/2016 JURY DEMAND
    JURY DEMAND
05/13/2016 CITATION ISSUED
    DC16-5499.pdf
05/13/2016 CITATION
    Anticipated Server: ESERVE          Anticipated Method:
    Actual Server: PRIVATE PROCESS SERVER     Returned: 05/18/2016
05/19/2016 NOTE - ADMINISTRATOR
    Comment: Set for initial dismissal (service/default): July 7, 2016. Notice faxed to counsel.
06/06/2016 ORIGINAL ANSWER - GENERAL DENIAL
    Williams - State Court Answer.pdf
07/07/2016 DISMISSAL FOR WANT OF PROSECUTION

Exhibit A-7

Judicial Officer: MOLBERG, KEN
Hearing Time: 9:00 AM



Loading financial information, please wait...

2016.05.06 Plaintiffs' Original Petition.pdf
Civil Cover Sheet.pdf
JURY DEMAND
DC16-5499.pdf
NEXION HEALTH AT DUNCANVILLE, INC. - CITATION
Williams - State Court Answer.pdf